

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Brookfield Place, 200 Vesey Street, Suite 400
New York, NY 10281-1022

New York
Regional Office

January 6, 2021

Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>SEC v. John D. McAfee & Jimmy Gale Watson, Jr., No. 20 Civ. 8281 (JGK)</u>

Dear Judge Koeltl:

Plaintiff Securities and Exchange Commission (the "SEC") respectfully requests that its time to serve Defendant Jimmy Gale Watson, Jr. ("Watson") with the Summons and Complaint be extended 90 days, from the initial deadline of January 4, 2021, to April 5, 2021, notwithstanding the SEC's timely-filed proof of service. Yesterday, the day after the 90-day deadline had run, Watson sent the SEC an email claiming that he does not reside at the New Mexico address at which the SEC's process server served the papers on Watson's father. The SEC therefore seeks additional time to investigate Watson's claim and, if necessary, try to serve Watson personally or move for alternative service.

**Relevant Factual and Procedural Background**

During the SEC's investigation leading to this action, SEC counsel communicated with Watson by emailing him at j.watsontt@gmail.com ("the Email Address"). Watson responded by email on at least four occasions, including in an email dated September 3, 2019—over a year before the SEC filed its Complaint in October 2020—where he agreed to meet with SEC staff. (Watson subsequently did not appear for the scheduled interview.) Watson also spoke to SEC staff from a phone number he provided (the "Phone Number").

On October 5, 2020, the SEC filed its Complaint against Defendants Watson and John McAfee. Pursuant to Federal Rule of Civil Procedure ("Rule") 4(m), the 90-day deadline for service on Watson, who appears to reside in the United States, was January 4, 2021. *See* Fed R. Civ. P. 4(m).

On October 15, 2020, SEC counsel sent a request for waiver of service to Watson at the Email Address and mailed a hard copy to his then-last-known address. Watson's deadline to respond to that request was November 16, 2020, but he did not acknowledge or respond to the request. To inquire about the requested waiver and his whereabouts, SEC counsel tried to reach Watson at the Phone Number on December 16, 2020, and again on December 17, 2020, when

SEC counsel left a voicemail for him, after independently confirming that Watson still used the Phone Number. Watson did not respond.

Both before and after trying to contact Watson by phone, the SEC tried to ascertain Watson's address through its own efforts. In mid-November, SEC counsel engaged a process server to aid it in serving Watson personally. The process server, through various means, learned that Watson may have been residing in San Diego, California or with his father in New Mexico or with his parents in Texas. The process server tried to serve Watson in California and Texas, but appeared to have succeeded in serving him in New Mexico on December 17, 2020 at Watson's father's residence, at which the process server had reason to believe Watson was physically present at the time of service.[1]

On December 21, 2020, the SEC filed a timely affidavit of service as to Watson. D.E. 11. As the affidavit of service demonstrates, the SEC's process server served the Summons and Complaint on Watson's father, while Watson apparently resided and appeared to be present (based on the process server's identification of Watson through his driver's license) at the residence in New Mexico.

On December 23, 2020, shortly after filing the affidavit of service, SEC counsel emailed Watson at the Email Address to inform him that the affidavit of service had been filed with the Court. SEC counsel also sent a letter to Watson at the New Mexico address informing him that the affidavit of service had been filed. Yesterday, replying to the email from the Email Address, Watson emailed SEC counsel and claimed: "The address you indicated is my father's rental property and Richard Gomez currently resides there. I have not been in New Mexico for many years and the letter addressed to Hon Koeltl [*sic*] is in err[or]." *See* Ex. A. Within hours, SEC counsel replied to the email and asked Watson for his current address and whether he would waive personal service, pursuant to the SEC's prior waiver request. Thus far, SEC counsel has not received a response from Watson.

**Argument**

The Court should extend the SEC's time to serve Watson, from the original deadline of January 4, 2021, to April 5, 2021, so that the SEC may investigate his claim and, if necessary, try to serve him personally or move for alternative service. Rule 4(m) provides that, upon a showing of good cause, a court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Moreover, courts "*may* extend the time to serve even in the absence of good cause." *Astor Chocolate Corp. v. Elite Gold Ltd.*, No. 18 Civ. 11913, 2020 WL 2130680, at *6 (S.D.N.Y. May 5, 2020) (internal quotation marks and citation omitted); *see also Emerald Asset Advisers, LLC v. Schaffer*, 895 F. Supp. 2d 418, 427-28 (E.D.N.Y. 2012) (plaintiff who had acted "diligent[ly]" in attempting to serve a difficult-to-locate defendant had shown good cause). Moreover, when Rule 4(m) was amended in 2015 to shorten the deadline for service from 120 days to 90 days, the Advisory Committee notes explained that "[m]ore time may be needed, for

---

[1] Rule 4(e)(2)(B) permits service on an individual in the United States by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B).

example, when a request to waive service fails, [or] a defendant is difficult to serve." Fed. R. Civ. P. 4(m) Advisory Committee's Note to 2015 Amendment.

Here, the SEC has shown good cause to extend the time to serve Watson by 90 days. First, as outlined above, the SEC has been diligent in attempting to effect service on Watson. Among other things, the SEC promptly sent him a request for waiver of service after filing the Complaint—the circumstance contemplated by the Advisory Committee Notes as potentially requiring an extension of time to serve—and hired a process server who has attempted to serve him at three separate potential addresses. Second, Watson's whereabouts are unknown and, given conflicting information, difficult to discern. *See SEC v. Sheyn*, No. 04 Civ. 2003, 2005 WL 2990643, at *3 (S.D.N.Y. Nov. 7, 2005) (conclusion that "SEC has demonstrated 'good cause' is reinforced by numerous cases that have found 'good cause' when the defendant's whereabouts are unknown or otherwise difficult to discern"). Third, given Watson's knowledge of this lawsuit, of the SEC's attempts to serve him, and of Watson's selective responses to SEC counsel's overtures, Watson appears to be evading service. *See Schaffer*, 895 F. Supp. 2d at 438 (given "substantial efforts" to serve defendant who was "plausibl[y]" evading service there was "good cause" to extend time to serve); *see also SEC v. One or More Unknown Traders in Secs. of Bioverativ, Inc.*, 18 Civ. 701 (JGK), Dkt Nos. 21, 27, 34, 42 (S.D.N.Y.) (granting extensions to serve the complaint while the SEC worked to identify trader believed to be overseas).

If the Court grants the SEC's request for additional time, the SEC will continue to attempt to serve Watson personally, while trying to confirm that Watson was properly served at the New Mexico residence. Alternatively, should the SEC remain unable to confirm Watson's residence at that location as of December 17, 2020 and otherwise determine that personal service on Watson is impracticable, the SEC may move to serve Watson by alternative means.

The SEC has not sought any previous adjournments or extensions in this action, nor has any other party. The SEC has not sought Watson's consent to its request for an extension, given that he may be evading service.

Respectfully submitted,

Jorge G. Tenreiro

cc: John D. McAfee (via international mail)
Jimmy Gale Watson, Jr. (via email and overnight delivery)